# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT JACKSON
### OCTOBER SESSION, 1998

FILED

October 19, 1998

Cecil Crowson, Jr.
Appellate Court Clerk

ANTHONY COLE,                    )
                                 )
         Appellant               )        No. 02C01-9711-CC-00445
                                 )
                                 )        DYER COUNTY
vs.                              )
                                 )        Hon. LEE MOORE, Judge
STATE OF TENNESSEE,              )
                                 )        (Post-Conviction)
         Appellee                )


For the Appellant:                       For the Appellee:

**William K. Randolph**                  **John Knox Walkup**
P. O. Box 611                            Attorney General and Reporter
Dyersburg, TN  38025-0611
                                         **Peter M. Coughlan**
                                         Assistant Attorney General
                                         Criminal Justice Division
                                         425 Fifth Avenue North
                                         2d Floor, Cordell Hull Building
                                         Nashville, TN 37243-0493


                                         **C. Phillip Bivens**
                                         District Attorney General
                                         P. O. Box 507
                                         Dyersburg, TN  38024


OPINION FILED: _____


AFFIRMED


**David G. Hayes**
Judge

## OPINION

The appellant, Anthony Cole, appeals the order of the Circuit Court of Dyer County denying his petition for post-conviction relief. On January 16, 1997, the appellant pled guilty, as a range I offender, to one count of attempted aggravated sexual battery.[1] Pursuant to the plea agreement, the appellant received a sentence of six years in the Department of Correction. The appellant collaterally attacks his conviction for aggravated sexual battery upon grounds that his trial counsel was ineffective and that his guilty plea is invalid.

After review of the record, we affirm the trial court's denial of post-conviction relief.

## Background

The appellant filed the instant petition for post-conviction relief on May 1, 1997. An amended petition was filed on July 8, 1997. The petition alleges, in parts challenged herein, that the guilty plea was invalid because the trial court failed to sign the guilty plea form and that retained counsel was ineffective for (1) failing to advise the appellant of the minimum and maximum punishments for the charged offense; (2) failing to file pre-trial motions; (3) misinforming the appellant as to the range of punishment sought by the State; and (4) failing to advise the appellant regarding the statutory requirement that sex offenders complete a sexual abuse treatment program as a prerequisite for parole.

---

[1]The facts underlying the charge of attempted aggravated sexual battery reveal that, on March 28, 1996, the appellant went to the home of Vincent Robertson, where he and Robertson proceeded to smoke crack cocaine all night long. The next morning, Robertson and the appellant left. Soon thereafter, knowing that Robertson and his wife were not at home, the appellant returned and forcibly entered the house. Robertson's eleven year old stepdaughter and five year old stepson were in the house watching television. The appellant's conviction stems from his conduct of sitting in the girl's lap and placing his hand underneath her shirt for purposes of sexual contact.

A hearing on the merits was subsequently held, after which the trial court denied the appellant post-conviction relief, specifically finding that:

> . . . It appears that the presiding Judge did not sign the form in question although the Petitioner, his attorney and the District Attorney General signed the form. The presiding Judge did, however, properly execute the "Judgment". There was also a transcript of evidence dealing with the acceptance of the guilty plea. The Court finds this issue to be without merit.

> All other issues involved in the Petitioner's Petition . . . deal with whether or not there was ineffective assistance of counsel. . . .

> . . . Just prior to Petitioner's guilty plea [trial counsel] had successfully tried an Aggravated Burglary case involving the Petitioner where the jury reduced the charge to a lesser included offense. . . . . . .He also indicated that he and his client had received a notice of enhanced punishment. He felt that Mr. Cole had serious exposure in part because of a past conviction, also, during his Aggravated Burglary case, Petitioner evidently had done very poorly under cross-examination regarding prior convictions. . . . He indicated that if Mr. Cole were convicted that he would be looking at a sentence of approximately twelve years. The District Attorney General had sent a notice of a Range III Punishment and evidently had made an offer in a plea bargain to settle together the Aggravated Burglary and the Aggravated Sexual Battery cases if both cases were settled. When the defendant did not agree to settle the Aggravated Burglary case, the plea offer on the Aggravated Sexual Battery was withdrawn. According to the testimony of trial counsel, he advised his client that he was looking at a possible Range III Punishment and he realistically felt that Mr. Cole had exposure of twelve to twenty years. . . . He indicated that no motions had been filed because there was no reason to file any motions. . . .Trial counsel indicated that at one point there was an offer for a plea agreement on both the Aggravated Burglary and the Aggravated Sexual Battery cases. He indicated that Petitioner knew that the plea offer had been withdrawn after the Petitioner had gone to trial on the Aggravated Burglary case. Trial counsel indicated that he felt that the Petitioner still wanted to go to trial until he talked with his mother on the day of the trial. After there was a discussion about the plea offer of Attempted Aggravated Sexual Battery, the Petitioner decided he wanted to enter a plea of guilty. Trial counsel indicates that he did not try to influence the decision of the Petitioner. . . .Trial counsel indicated that he had received the plea offer for six years long before the trial and advised petitioner about the offer some two or three times prior to January 15, 1997.

> Petitioner indicated . . . that trial counsel advised him that the District Attorney General would not go back to his offer of a plea agreement prior to the trial of the Aggravated Sexual Battery case. . . . He indicated that he still wanted to go to trial but felt like he had no help from his trial counsel. He also stated that trial counsel told him that if he accepted the plea offer of the six year sentence, he would probably be out of jail in eighteen months to two years. He now indicates that he will have to serve his full six year sentence because it involves a sex offense. He indicated that he did not want to go to trial with his trial counsel because of fear that he might get fifteen to twenty years although he states he would have gone to trial if he had a good lawyer.

3

Trial counsel was employed by the defendant. Petitioner seemed concerned that he had a previous plea offer for two years at thirty-five percent, and that he did not know about the plea offer of six years until the day before the trial. . . . On cross-examination, Petitioner indicated that he had seen the enhancement notice at the Burglary trial. He had entered some six guilty pleas prior to the one in question and knew the procedure.

. . .

Petitioner first indicates that trial counsel was ineffective in failing to file pre-trial motions. The evidence is clear that trial counsel had available the entire file material of the District Attorney General, and that it was not necessary that any pre-trial motions be filed. There is no evidence in the record that Petitioner was prejudiced in anyway by failure of trial counsel to file any pre-trial motions.

. . .

Petitioner next alleges that during discussion regarding plea negotiations that trial counsel advised him that he was looking at Range III punishment when it should have been Range II. The transcript of evidence . . . clearly shows . . . that the presiding Judge advised the Petitioner of the minimum sentence for the offense and the maximum sentence. The presiding judge also advised him that the State had given notice upon a conviction a Aggravated Sexual Battery that the State would be seeking punishment in Range II, and the presiding Judge advised the Petitioner that the minimum sentence in Range II would have been twelve years. The petitioner indicated in response to questioning by the presiding Judge that he understood the range of punishments. It is clear also that he was aware of his right to a trial by jury. . . .This issue is, therefore, without merit.

. . .

The Court concludes that the performance of trial counsel was within the range of competence demanded in criminal cases. . . . Furthermore, Petitioner has failed to demonstrate any prejudice caused by the actions of counsel, or that there is a reasonable probability that the result of the proceedings would have been different if counsel had acted otherwise . . . .

**Analysis**

Post-conviction relief shall be granted when the conviction or sentence is void or voidable because of an abridgement of a constitutional right. Tenn. Code Ann. § 40-30-203 (1997). Failure by the trial judge to sign the guilty plea form, even if it had occurred, neither invalidates the guilty plea nor impinges upon a constitutional

4

right. See Tenn. R. Crim. P. 11. Thus, this claim is not cognizable in a post-conviction hearing and is without merit.

Additionally, in order to succeed on a post-conviction claim alleging ineffective assistance of counsel, the appellant bears the burden of showing, by clear and convincing evidence, Tenn. Code Ann. § 40-30-210(f) (1997), that the services rendered by trial counsel were deficient and that, but for the deficient performance, the results of the proceeding would have been different. Strickland v. Washington, 466 U.S. 668, 687 104 S.Ct. 2052, 2064 (1984). The post-conviction court found that counsel was not deficient and that counsel's actions did not prejudice the appellant. When this court undertakes review of a lower court's decision on a petition for post-conviction relief, the lower court's findings of fact are given the weight of a jury verdict and are conclusive on appeal absent a finding that the evidence preponderates against the judgment. See Davis v. State, 912 S.W.2d 689, 697 (Tenn. 1995). After reviewing the record, we conclude that the evidence does not preponderate against the excellent findings entered by the post-conviction court. Although otherwise fully addressing the allegations raised by the petition, the post-conviction court failed to expressly address the appellant's contention that trial counsel failed to inform him of the mandatory sexual offender treatment program which must be completed prior to parole eligibility. However, the transcript of the guilty plea hearing reveals that the trial court so informed the appellant as to this requirement. Thus, the appellant has not met his burden as to this allegation.

As a result, we find no error of law requiring reversal. The judgment of the trial court dismissing the appellant's petition for post-conviction relief is affirmed.

_____
DAVID G. HAYES, Judge

CONCUR:

_____
JOHN H. PEAY, Judge

_____
L. T. LAFFERTY, Special Judge